5/23/24

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

NAPOLI SHKOLNIK d/b/a NAPOLI
SHKOLNIK PLLC,

       Plaintiff

      - *against* -

UNITED STATES OF AMERICA, by and
through the INTERNAL REVENUE
SERVICE, and Phillips, Cantor & Shalek,
P.A., as successor to Phillips, Cantor Shalek,
Rubin & Pfister, P.A,

      Defendants

And

DARIA PASTOUKHOVA GOGOLEVA,
individually and as the natural parent and
legal guardian of the minor children N.M.P.V.,
and L.P.V., and as the Personal
Representative of the ESTATE OF LANCE
VALDEZ, Alexandra Ana Pastoukhova
Valdez, KENNY NACHWALTER, P.A.,
PODHURST ORSECK P.A, and JEFFREY
SOFFER,

      Nominal Defendants.

_____/

Case No.:

**COMPLAINT FOR INTERPLEADER**

**UNDER FRCP RULE 22**

Plaintiff NAPOLI SHKOLNIK ("Interpleader Plaintiff") for its Complaint for Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure ("Complaint"), states and alleges as follows:

1.     Interpleader Plaintiff holds the proceeds of a settlement (the "Proceeds"), which is due to be paid to the surviving spouse and children of the late Lance Valdez (the

1

5/23/24

"Beneficiaries").  Interpleader Plaintiff and Nominal Defendants face competing claims to the Proceeds and may be subject to potential liability to the United States, prior counsel to the Beneficiaries, and/or the Nominal Defendants if it disburses the Proceeds to the Beneficiaries.

2.      The Defendant United States, via the Internal Revenue Service, has filed a Notice of Federal Tax Lien (the "Lien") with respect to the Estate of Lance Valdez (the "Estate") and served Notices of Levy on the Interpleader Plaintiff, the Beneficiaries, and the Nominal Defendants. While Florida law establishes that the claims raised by the Beneficiaries that resulted in the Proceeds do not belong to and are not for the benefit of the Estate, which the United States appears to acknowledge, the United States has not discharged the Lien or Notices of Levy with respect to the Proceeds. Thus, Interpleader Plaintiff, the Beneficiaries, and the Nominal Defendants may be subject to liability to the United States if the Proceeds are disbursed without an Order from this Court as to whom the Proceeds belong, which includes a release of liability from the Notices of Levy served on the Interpleader Plaintiff and the Nominal Defendants.

## THE  PARTIES

3.      Interpleader Plaintiff is a New York law firm, which holds the proceeds of a settlement in an interest bearing trust account (the "Proceeds") on behalf of Daria Pastoukhova Gogoleva, individually and as the natural parent and legal guardian of the minor children N.M.P.V., and L.P.V., and on behalf of Alexandra Ana Pastoukhova Valdez (collectively the "Beneficiaries").  Interpleader Plaintiff has been served with a Notice of Levy (Form 668-A) relating to the Estate.  Exhibit A.

2

5/23/24

4.     Defendant UNITED STATES OF AMERICA, by and through the INTERNAL REVENUE SERVICE (the "IRS"), has asserted a tax lien with respect to the Estate.

5.     Defendant Phillips, Cantor & Shalek, P.A., as successor to Phillips, Cantor Shalek, Rubin & Pfister, P.A ("PCS") has claimed a right to a portion of the Proceeds as former counsel to the Beneficiaries. Exhibit B.

6.     Nominal Defendant Daria Pastoukhova Gogoleva is the surviving spouse of Lance Valdez, as well as the natural parent and legal guardian of the minor children, N.M.P.V. and L.P.V., and the Personal Representative of the Estate.

7.     Nominal Defendant Alexandra Ana Pastoukhova Valdez is a surviving child of Lance Valdez and was a minor at the time of his death.

8.     Nominal Defendant, the Estate, by and through its Personal Representative Daria Pastoukhova Gogoleva, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, 2017-004167-CP-02 was notified of the filing of a Notice of Federal Tax Lien by Defendant IRS against the Estate. Exhibit C.

9.     Nominal Defendant Kenny Nachwalter, P.A. ("Kenny Nachwalter"), is a Florida law firm which has been served with a Notice of Levy (Form 668-A) relating to the Estate . Kenny Nachwalter is counsel to Podhurst Orseck P.A. and Steven Marks. Exhibit D.

10.     Nominal Defendant Podhurst Orseck P.A ("Podhurst") is a Florida law firm which has been served with a Notice of Levy (Form 668-A) relating to the Estate. Exhibit E.

5/23/24

11.     Nominal Defendant Jeffrey Soffer is a natural person and a Florida resident who has been served with a Notice of Levy (Form 668-A) relating to the Estate.  Exhibit F.

## JURISDICTION AND VENUE

12.     The United States District Court has jurisdiction over the subject matter of this action pursuant to Fed. R. Civ. P. 22, 28 U.S.C.S. § 1331, 28 U.S.C. §§ 1340, and 28 U.S.C.S. § 2410(a)(5) because Defendant IRS has, albeit unlawfully/improperly, issued notices of levy to the Interpleader Plaintiff and the Nominal Defendants, and the Defendant IRS has failed to comply with 26 U.S. Code § 6343 and/or Section 5.11.2.3.2.1(7) (02-12-2018) of the Internal Revenue Manual (the "IRM") (mandating the IRS to "[p]rocess a full release of the lev[ies] as soon as possible to avoid the receipt of property that is not the taxpayer's.").

13.     Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C. § 1397 because the Notices of Levy were served in the Southern District of Florida and all Nominal Defendants have consented to venue.

14.     The United States District Court for the Southern District of Florida has or will have personal jurisdiction over all Defendants because each Defendant has sufficient minimum contacts with this district or has consented to jurisdiction.

15.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

5/23/24

## PARTIES WITH DISPUTED CLAIMS TO THE PROCEEDS

16.     The Proceeds are due to be paid to the Beneficiaries, less any portion to which the United States may be entitled, and making due provision for the payments which may be due to Interpleader Plaintiff or PCS.

17.     Interpleader Plaintiff is entitled to a fee from the Proceeds, pursuant to its Engagement Letter with the Beneficiaries.  That fee is not in dispute.

18.     Defendant PCS claims entitlement to a fee from the Proceeds, which fee is disputed at the time this action is being filed.

19.     Should the Proceeds be paid to the Beneficiaries without the Notices of Levy being discharged and/or the charging lien asserted by PCS being resolved, the Beneficiaries are obligated to hold the Nominal Defendants other than the Beneficiaries harmless from later claims.

## FACTS

20.     On November 22, 2012, a helicopter crash occurred in the Bahamas. Lance Valdez ("Taxpayer") was a passenger on the helicopter and was pronounced dead at the scene of the crash.

21.     Following the crash, the Taxpayer's survivors, the Beneficiaries, retained Steven Marks and his law firm, Podhurst. (collectively the "Podhurst Parties") to represent them in settlement negotiations with the helicopter's insurer. That representation has since concluded.

22.     The Beneficiaries filed suit against the Podhurst Parties arising out of the Podhurst Parties' representation of the Beneficiaries.

23.     The Beneficiaries also sued Soffer and others in connection with the Taxpayer's death in the crash and events following the crash.

5

5/23/24

24.     The Beneficiaries were plaintiffs in two related lawsuits: (1) *Daria Pastoukhova Gogoleva, et. al. v. Steven Marks, et. al.*, United States District Court, Southern District of Florida, Case No. 14-cv-24274-DTK-H ("the Federal Action"), and (2*) Daria Pastoukhova Gogoleva, et al. v. Jeffrey Soffer, et al., Eleventh Judicial Circuit*, Miami-Dade County, Florida, Case No. 14-000716-CA-13 ("the State Action"). The Estate of Lance O. Valdez was also named as a nominal plaintiff because of the requirements of the Florida Wrongful Death statute.

**Lawsuit Claims**

25.     The Federal Action was a claim for legal malpractice against the Podhurst Parties relating to the Beneficiaries' post-death engagement of the Podhurst Parties and events that occurred *after* the Taxpayer died. The Podhurst Parties did not represent the Taxpayer. The Federal Action asserted the following claims: Count I, Legal Malpractice; Count II, Breach of Fiduciary Duties; Count III, Intentional and Negligent Misrepresentations; Count IV, Intentional and Negligent Intentional of Emotional Distress; Count V, Fraudulent Misrepresentation; Count VI, Fraudulent Inducement; Count VII, Civil Conspiracy; and Count VIII, Breach of Contract.

26.     In the State Action, the Beneficiaries asserted claims against the Podhurst Parties, Soffer, and others seeking, inter alia, wrongful death damages. The claims also included conspiracy claims for events alleged to have occurred *after* the Taxpayer's death.  The State Action asserted the following relevant causes of action: Count I, Wrongful Death (against Soffer); Count II, Fraudulent Inducement (against Soffer, the Podhurst Parties, and others); Count III, Conspiracy (against Soffer, the Podhurst Parties,

5/23/24

and others); Count IV, Rescission (of a prior release); Count VIII, Declaratory Judgment (for a declaration that a prior release was void.[1]

### Federal Tax Issue

27.     The Taxpayer was involved in a long-running dispute with the IRS in a number of income tax cases, which culminated in litigation in the United States Tax Court. That litigation was eventually resolved by settlement in 2012. Assessment of the agreed liabilities was made, and the IRS then pursued collection of the liabilities, largely without success and, in part, due to the Taxpayer's expatriation from the United States. The income tax liabilities of the Taxpayer are for taxable years 2001, 2002, 2003, 2004, and 2006. Additionally, a civil penalty pertaining to taxable year 1997 was assessed.

28.     In May and June 2016, Interpleader Plaintiff, the Podhurst, Soffer, and Kenny Nachwalter received Notices of Levy (Form 668-A) (Exhibits A-F), which also included Notices of the filing of Federal Tax Liens against the Taxpayer ("the 2016 Notices of Levy"). In the transmittal letter accompanying each of the 2016 Notices of Levy, the IRS further informed the Notice of Levy recipients that the Service was of the opinion that the "Federal Tax Lien attaches to any and all proceeds deemed payable to the Estate of Lance Valdez at the conclusion of the lawsuit."

29.     As is more fully set forth below, while the Estate is a nominal plaintiff in both actions, no damages or any future settlement proceeds are due to the Estate. Potential damages in the State Action were essentially in the nature of wrongful death, and, as a matter of Florida state law, proceeds are not payable to the Estate.[2]  Accordingly,

---

[1] None of the other parties are relevant to this action, nor are the claims related to those parties.

[2] Florida law requires that a wrongful death action be brought by the Estate's personal representative, which was Gogoleva. *See* Fla. Stat. §768.20 ("The [wrongful death] action shall

5/23/24

payment would be due only to the 'survivors of Lance Valdez – the Beneficiaries. Furthermore, the lawsuit counts pertaining to legal malpractice, misrepresentations, and fraudulent inducement in obtaining a release have their origin in the events after the death of Lance Valdez and, by definition, malpractice claims could not have arisen until counsel, the Podhurst Parties, were engaged after such death.

30.     In May 2016, Revenue Officer Rachel Koenig served the Notices of Levy on Kenny Nachwalter, P.A.; Jeffery Soffer; Podhurst Orseck P.A.; and the Napoli Firm. The Notice of Levy sought to attach the prospective proceeds emanating from litigation in partial satisfaction of the Service's liens pertaining to the unpaid tax liability of Lance Valdez.

31.     The parties in the State Court action retained tax professionals and thereafter began an unsuccessful five-year struggle to contact the IRS and achieve a resolution. The attempts included multiple discussions with many different IRS employees, the submission of multiple memorandums, and correspondence spanning several different IRS departments. The IRS would often have no response for months at a time, and even when the IRS did respond, no good faith effort was made to reconcile the levies.

32.     On or about October 17, 2019, the Beneficiaries' counsel attempted multiple calls to the IRS, including Revenue Officers Fuller and another Revenue Officer, Koenig.

33.     On or about October 29, 2019, the Beneficiaries' counsel attempted to contact Revenue Officer Koenig.

---

be brought by the decedent's personal representative .. . ."): see also *Pitcher v. Waldo*, 159 So. 3d 422, 423 (Fla. 4th DCA 2015) (stating that wrongful death claim must be brought by the personal representative of the estate of the deceased even if recovery is for survivors).

5/23/24

34.     On or about November 13, 2019, the Beneficiaries' counsel attempted to call Revenue Officer Koenig and sent a facsimile regarding the same.

35.     On or about November 15, 2019, the Beneficiaries' counsel attempted to contact Revenue Officer Koenig.

36.     On or about November 21, 2019, the Beneficiaries' counsel had a call with Revenue Officer Koenig where they discussed the status of the inquiry and next steps.

37.     On or about July 6, 2020, the Beneficiaries' counsel had a call and exchanged emails with IRS Counsel A. Capezza.

38.     On or about August 8, 2020, the Beneficiaries' counsel sent a letter to IRS Counsel A. Capezza and Revenue Officer Koenig regarding the liens and Notices of Levy.

39.     On or about September 23, 2020, the Beneficiaries' counsel exchanged emails with IRS Counsel A. Capezza.

40.     On or about October 8, 2020, the Beneficiaries' counsel attempted to call IRS Counsel A. Capezza and sent a facsimile to Revenue Officer Koenig regarding the status.

41.     On or about October 9, 2020, the Beneficiaries' counsel had a call, and exchanged emails, with IRS Counsel A. Capezza.

42.     On or about October 22, 2020, the Beneficiaries' counsel had an email exchange with IRS Counsel A. Capezza regarding a prospective conference.

43.     On or about October 29, 2020, representatives of the Nominal Defendants had a conference call with Revenue Officers Koenig and yet another Revenue Officer, Stamm as well as IRS Counsel A. Capezza.

9

5/23/24

44.     On or about May 24, 2021, the Beneficiaries' counsel had a call with IRS counsel A. Capezza regarding information about the settlement letter and language.

45.     On or about June 4, 2021, the Beneficiaries' counsel had multiple emails and call with IRS Counsel A. Capezza.

46.     On or about June 28, 2021, the Beneficiaries' counsel sent a facsimile to IRS Counsel A. Capezza.

47.     On or about July 2, 2021, the Beneficiaries' counsel sent a follow-up email to IRS Counsel A. Capezza.

48.     On or about July 7, 2021, the Beneficiaries' counsel sent multiple follow-up emails to IRS Counsel A. Capezza.

49.     On or about August 5, 2021, the Beneficiaries' counsel again sent a follow-up email to IRS Counsel A. Capezza.

50.     On or about August 11, 2021, the Beneficiaries' counsel exchanged multiple emails with IRS Counsel A. Capezza.

51.     On or about August 12, 2021, the Beneficiaries' counsel sent an email to IRS Counsel A. Capezza regarding a potential meeting.

52.     On or about August 27, 2021, the Beneficiaries' counsel sent a follow-up email to IRS Counsel A. Capezza.

53.     On or about October 1, 2021, the Beneficiaries' counsel exchanged emails with IRS Counsel A. Capezza.

54.     On or about November 3, 2021, the Beneficiaries' counsel transmitted a follow-up letter to IRS Counsel A. Capezza.

5/23/24

55.     On or about November 4, 2021, the Beneficiaries' counsel again had an email exchange with IRS Counsel A. Capezza.

56.     On or about November 8, 2021, the Beneficiaries' counsel put in another call to Revenue Officer Koenig.

57.     On or about November 15, 2021, the Beneficiaries' counsel attempted to follow-up with Revenue Officer Koenig.

58.     On or about February 16, 2022, the Beneficiaries' counsel had a call with Revenue Officer Koenig.

59.     On or about May 13, 2022, the Beneficiaries' counsel transmitted a copy of a Release of Levy application to the IRS.

**The IRS Advisory Group Acknowledged that Settlement Proceeds Arising From the Lawsuits are _not_ the Property
<u>of the Estate, but the IRS has Failed to Discharge the Levies</u>**

60.     Multiple attempts to contact Revenue Officer Koenig, including a letter dated February 2, 2023, to release the levies, or at least to discuss the matter, have been unsuccessful. It appeared from the outgoing message on Revenue Officer Koenig's voicemail that she is no longer a field collections officer, and the Parties are concerned that the case has "fallen into the cracks." To the date of filing this Interpleader action, no contact has been received by any of the parties from someone at IRS purporting to succeed Revenue Officer Koenig as being assigned to collect the income tax liabilities of Lance Valdez.  Resolution of this matter is necessary as the above two lawsuits are now concluded and the outstanding levies are an impediment to the distribution of settlement proceeds.

11

5/23/24

61.     The Parties seek a Release of the Levies, in accordance with 26 USC Sec. 6343 and the IRM, given the opinion of the Service's Collections Advisory Group in Plantation, FL, and the rationale underlying that opinion, which is that the Lien against the Estate does not attach to the prospective proceeds from the two lawsuits noted above. This conclusion was reached in response to the Beneficiaries seeking an Application for Certificate of Discharge of Property from Federal Tax Lien (Form 14135), a course of action suggested by Revenue Officer Koenig to address the issue. After consideration and the review of supplemental information, including a draft settlement agreement, the South Florida Collection Advisory Group ("Advisory Group") issued a letter to the undersigned dated August 8, 2022.

62.     In relevant part, the Advisory Group letter states that:

> The purpose to apply for a certificate of discharge under Internal Revenue Code section 6325(b) is to remove the United States' liens from the property named in the certificate. The Notice of Federal Tax Lien attaches to a taxpayer's current and future property and rights to property for the amount of liability. **The beneficiary of above listed lawsuits** [i.e., Case No. 14-cv-24274-DTKH and Case No. 14-000716-CA-13] **are the widow and children plaintiffs, not the taxpayer nor the Estate of taxpayer. A lien discharge is not required.** I have closed the discharge case.

(emphasis added)

63.     It was the opinion of the IRS's Advisory Group that the lien which has arisen as to the unpaid tax liabilities of Lance Valdez does not attach to any proceeds that may be realized from either settlement or judgment of the two lawsuits named, i.e., the Federal Action and the State Action. The Notice of Levy is akin to a "wrongful levy." IRM 5.11.2.3 .2 (2) (04-15-2014) provides that "a 'wrongful levy' is one that improperly attaches property belonging to a third party in which the taxpayer has no rights. *See* IRC

5/23/24

6343(b). The Code specifically authorizes release of wrongful levies. *See* IRM 5.11.2.3.2.1 below for wrongful levy procedures."

64.     IRM 5.11.2.3.2.1 (7) (02- 12-20 18) states that,

If the levy source has not forwarded the levy proceeds and Collection Advisory determines that the potential levy proceeds are not the taxpayer's, then do the following:

• **Process a full release of the levy as soon as possible** to avoid the receipt of property that is not the taxpayer's. If levy proceeds are received because the levy is not released in sufficient time, the levied property or funds should be returned immediately. *See* IRM 5.11.2.3.2.2, Certain Wrongful Levy Situations.

Emphasis added.

65.     These two lawsuits have been resolved, but the outstanding Notices of Levy continue to be an impediment to distributing the settlement proceeds to the widow and children, two of whom are minors. Consequently, the Nominal Defendants who are parties or counsel in the Federal and State Court actions agreed to bring this interpleader action as a condition of the settlement agreement.

66.     Inasmuch as the Advisory Group agrees with the Beneficiaries' analysis that the Lien does not attach to the lawsuit proceeds, the Notices of Levy, in retrospect, were incorrectly served. The most expeditious manner in which to remedy the matter would be to release the levies, in accordance with the provisions of the Internal Revenue Code and the IRM; however, the IRS has not been responsive to the settling parties' requests to do so.   Accordingly, the Nominal Defendants are also in doubt as to their rights or any obligations they may incur if the settlement proceeds are released.

67.     The Parties also attempted to engage with the Taxpayer Advocate Service, but that also failed to result in any resolution.

13

5/23/24

## INTERPLEADER PROPER TO DISPUTED CLAIMS

68.     With respect to the Disputed Funds, Interpleader Plaintiff is a disinterested stakeholder, except for its undisputed claim for fees.

69.     Interpleader Plaintiff is entirely without fault in the dispute as to whom the funds belong.

70.     Interpleader Plaintiff does not know which of said Defendants is entitled to the Disputed Funds.

71.     Interpleader Plaintiff has a real and reasonable fear of liability or vexatious, conflicting claims against the Disputed Funds and is not in the position to safely determine which party's claim to the Disputed Funds is meritorious without great hazard and possible multiple liability.

72.     Under the provisions of Federal Rules of Civil Procedure, Rule 22, Interpleader Plaintiff is entitled to join all persons asserting claims against the Disputed Funds in a single proceeding so that Interpleader Plaintiff may avoid duplicative litigation and the possibility of multiple or inconsistent liability on the conflicting and adverse claims of Defendants.

## PRAYER FOR RELIEF

73.     That Interpleader Plaintiffs be permitted to deposit with the Clerk of the Court the Disputed Funds and that the Clerk be ordered to promptly and properly invest said funds so that interest may accrue for the benefit of Defendants.

74.     That Defendants be required to interplead and assert in this proceeding and settle between themselves any and all claims which each or any of them have to the Disputed Funds and that Interpleader Plaintiff, Beneficiaries and Nominal Defendants  be discharged from all liability, including but not limited to the IRS Levies, with respect to the

14

5/23/24

Proceeds, except to the party or parties whom the Court shall judge entitled to the Disputed Funds and then only to the extent of the Disputed Funds.

75.     That Defendant United States of America, by and through the IRS, be permanently restrained from commencing any action for the recovery of the Disputed Funds or any part thereof, or any claimed damages related thereto, as against Interpleader Plaintiff, the Beneficiaries, or the Nominal Defendants.

76.     That Interpleader Plaintiff be discharged from any and all liability regarding the Disputed Funds, including a Court-ordered release of the IRS Levies asserted upon Interpleader Plaintiffs and their counsel.

77.     That the IRS Levies be discharged as to the Disputed Funds and as to the Nominal Defendants.

78.     Awarding such other relief as the Court may deem just and equitable.

Dated:_____

Respectfully submitted,

/s/ Rebeca Martinez_____
Rebeca Martínez, Esq.
Florida Bar Number: 1026814
Napoli Shkolnik
1302 Avenida Ponce de Leon
Santurce, PR 00907
Telephone: (787) 493-5088
rmartinez@nsprlaw.com

Hunter J. Shkolnik, Esq.
(*pro hac vice anticipated*)
Napoli Shkolnik
1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
Telephone: (787) 493-5088 Ext. 2007
Hunter@nsprlaw.com

Brett S. Bustamante, Esq.

5/23/24

(*pro hac vice anticipated*)
Napoli Shkolnik
400 Broadhollow Rd. Suite 305
Melville, NY 11747
Telephone: (212) 397-1000
BBustamante@NapoliLaw.com

*Counsel for Plaintiffs*

Exhibit A

| Form 668-A(ICS) | | Department of the Treasury – Internal Revenue Service |
|---|---|---|
| (January 2015) | | **Notice of Levy** |

DATE: 05/25/2016

REPLY TO:  Internal Revenue Service

**RACHEL KOENIG**

130 S ELMWOOD AVE

ROOM 200

BUFFALO, NY 14202

TO:   NAPOLI BERN RIPKA SJKOLNIK, LLP

ATTN LOUISE R CARO, ESQ

2665 S BAYSHORE DRIVE, SUITE 220

COCONUT GROVE, FL 33133

TELEPHONE NUMBER
OF IRS OFFICE:  (716)961-5113

NAME AND ADDRESS OF TAXPAYER:

ESTATE OF LANCE VALDEZ

IDENTIFYING NUMBER(S):

VALD

**THIS IS NOT A BILL FOR TAXES YOU OWE.  THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2001 | $8,723,326.01 | $1,278,674.20 | $10,002,000.21 |
| 1040 | 12/31/2002 | $6,840,253.40 | $1,148,986.30 | $7,989,239.70 |
| 1040 | 12/31/2003 | $7,870,855.41 | $1,378,341.10 | $9,249,196.51 |
| 1040 | 12/31/2004 | $564,620.51 | $156,998.12 | $721,618.63 |
| 1040 | 12/31/2006 | $455,230.28 | $136,665.73 | $591,896.01 |
| CIVPEN | 12/31/1997 | $2,740,824.00 | $138,717.48 | $2,879,541.48 |

This levy won't attach funds in IRAs, Self-Employed Individuals'
Retirement Plans, or any other Retirement Plans in your possession or
control, unless it is signed in the block to the right. ================⇒

| Total Amount Due | $31,433,492.54 |
|---|---|

We figured the interest and late payment penalty to __07/06/2016__

The Internal Revenue Code provides that there is a lien for the amount that is owed.  Although we have given the notice and demand required by the Code, the amount owed hasn't been paid.  This levy requires you to turn over to us this person's property and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay this person.  However, don't send us more than the "Total Amount Due."

Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 calendar days from the day you receive this levy before you send us the money.  Include any interest the person earns during the 21 days.  Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.

Make a reasonable effort to identify all property and rights to property belonging to this person.  At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form.  Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.  You may not subtract a processing fee from the amount you send us.

To respond to this levy --
1. Make your check or money order payable to United States Treasury.
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order (not on a detachable stub.)
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative | Title |
|---|---|
| RACHEL KOENIG | REVENUE OFFICER |

Part 1 –   For Addressee        Catalog No. 15704T         Form 668-A(ICS) (1-2015)

Filing # 145771528 E-Filed 03/15/2022 05:04:27 PM

Exhibit B

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 14-000716-CA-13

DARIA PASTOUHKOVA GOGOLEVA,
individually and as the natural parent and
legal guardian of the minor children
ALEXANDRA PASTOUHKOVA VALDEZ,
NATALIA MAGDALENA PASTOUHKOVA
VALDEZ, and LANCE PASTOUHKOV
VALDEZ, and as the Personal Representative
of the ESTATE OF LANCE VALDEZ,

     Plaintiffs,

vs.

JEFFREY SOFFER, DANIEL RIORDAN,
PAULA RIORDAN, and ALEX KRYS, NORTH
AMERICAN ELITE INSURANCE COMPANY, as
Underwriter for SWISS RE, a New Hampshire
Corporation, SOUTHWEST TRANSPORT SERVICES,
LTD, a Delaware corporation, BEECHAM LTD, a
Bahamas corporation, PIONEER CARIBBEAN
LOGISTICS LIMITED, a Bahamas corporation, JASON
SWEENEY, DAVID PEARCE, FRANK VALDEZ, and
PLEASANT HILL ENTERTAINMENT, LTD, a
Bahamas corporation,

     Defendants.
_____/

## PHILLIPS CANTOR & SHALEK, P.A'S MOTION TO ENFORCE CHARGING LIEN AND FOR ATTORNEYS' FEES AND COSTS

Phillips, Cantor & Shalek, P.A., as successor to Phillips, Cantor Shalek, Rubin & Pfister, P.A. moves for an award of attorneys' fees and costs in the amount of $370,895.00 and states:

The law firm of Phillips, Cantor & Shalek, P.A. (the "Law Firm") represented DARIA PASTOUHKOVA GOGOLEVA, individually and as the natural parent and legal guardian of the minor children ALEXANDRA PASTOUHKOVA VALDEZ, NATALIA MAGDALENA

PASTOUHKOVA VALDEZ, and LANCE PASTOUHKOVVALDEZ, and as the Personal Representative of the ESTATE OF LANCE (collectively "Plaintiffs"), A copy of the Retainer Agreement is attached as Exhibit "A."

2.      Pursuant to the terms of the Retainer Addendum, plaintiffs agreed to pay the Law Firm's attorney's fees and costs if the Plaintiffs terminated the representation.

3.      On February 17, 2016, the Plaintiffs terminated the Law Firm. A copy of the letter of termination is attached as Exhibit "B."

4.      On February 25, 2016 the Law Firm filed a Notice of Attorneys' Charging Lien, a copy of which is attached as Exhibit "C."

5.      Plaintiffs have now filed documents with the court indicating that they have reached, in principle, a Confidential Settlement Agreement with the defendants in this case, wherein Plaintiffs either have or will receive a settlement award.

6.      Pursuant to the terms of the Retainer Agreement and prevailing Florida law, the Law Firm is entitled to payment of its reasonable attorneys' fees and costs.

7.      Under Florida law, "an attorney employed under a valid contract who is discharged without cause before the contingency has occurred or before the client's matters have concluded can recover … the reasonable value of his services rendered prior to discharge, limited by the maximum contract fee." *Rosenberg v. Levin*, 409 So. 2d 1016, 1021 (Fla. 1982).

8.      Further, to the extent Plaintiffs allege they terminated the Law Firm for cause (which the Law Firm denies), the Law Firm remains entitled to a quantum meruit fee reduced by the Plaintiffs' purported damages, if any. *See Searcy, Denney, Scarola, Barnhart & Shipley,*

2

*P.A.v. Scheller*, 629 So. 2d 947, 954 (Fla. 4th DCA 1993).

9.     Here, the reasonable value of the Law Firm's services includes $370, 895.00 in attorneys' fees and costs.

10.     In *Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A.*, 517 So.2d 88, 91 (Fla. 3d DCA 1987), the court explained:

> Although Florida, unlike many American jurisdictions, has not codified this common law lien, its courts have long acknowledged the appropriateness of such a lien and the justification for allowing resolution by proceedings in equity: "The law is settled in this jurisdiction that a litigant should not be permitted to walk away with his judgment and refuse to pay his attorney for securing it. It is further consistent with law that an attorney's lien in a case like this be enforced in the proceeding where it arose. The parties are before the court, the subject matter is there, and there is no reason whatsoever why they should be relegated to another forum to settle the controversy.

(citing *In re Warner's Estate*, 160 Fla. 460, 464, 35 So.2d 296, 298-99 (1948) (citations omitted).

11.     Florida law requires three elements to create a valid charging lien: (1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees out of the recovery; and (3) either an avoidance of payment or a dispute as to the amount of fees. *In re MacNeal*, 393 B.R. 805, 811 (Bankr. S.D. Fla. 2008) (citing *Daniel Mones, P.A. v. Smith*, 486 So.2d 559 (Fla. 1986).

12.     In this case, the Law Firm has satisfied the necessary elements to create a valid charging lien. The existence of the Agreement satisfies the first two elements. The plaintiffs have disputed the amount of the fees.

13.     The Law Firm's charging lien against the plaintiffs was perfected by the filing of

PHILLIPS, CANTOR & SHALEK, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

CASE NO.: 14-000716-CA-13

the Charging Lien with this Court. See *Sinclair*, 428 So.2d at 1385 (timely notice is the only requirement for perfecting a charging lien).

WHEREFORE, Phillips, Cantor & Shalek, P.A. as successor to Phillips, Cantor Shalek, Rubin & Pfister, P.A. respectfully requests that this Court:

A.      Enter an Order adjudicating the Law Firm's entitlement to fees and costs.

B.      Grant such other and further relief as this Court deems appropriate.

> PHILLIPS, CANTOR & SHALEK, P.A.
> 4000 Hollywood Boulevard, Suite 500N
> Hollywood, Florida 333021
> Telephone: (954) 966-1820
> Telecopier: (954) 414-9309
>
> By:   /s/ Jeffrey B. Shalek
>       Gary S. Phillips
>       Florida Bar No. 339814
>       gphillips@phillipslawyers.com
>       ttrippe@phillipslawyers.com
>       Jeffrey B. Shalek
>       Fla. Bar No. 996221
>       jshalek@phillipslawyers.com
>       tedwards@phillipslawyers.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on this 15th day of March, 2022, by email to:

Richard H. Critchlow (FL Bar No. 155227)
Christina Ceballos-Levy (FL Bar No. 0411965)
Michael A. Ponzoli (FL Bar No. 0016202)
KENNY NACHWALTER, P.A.
Four Seasons Tower
1441 Brickell Avenue
Suite 1100
Miami, Florida 33131

CASE NO.: 14-000716-CA-13

Telephone: (305) 373-1000
Facsimile: (305) 372-1861
rcritchlow@knpa.com
ccl@knpa.com
mponzoli@knpa.com
*Attorneys for Steven C. Marks and Podhurst Orseck, P.A.*

Brett Bustamante
Hunter J. Shkolnik
NAPOLI SHKOLNIK, PLLC
2665 South Bayshore Drive, Suite 220
Coconut Grove, Florida 33133
bbustamante@napolilaw.com
hunter@napolilaw.com
jpino@napolilaw.com

Hunter J. Shkolnik
NAPOLI SHKOLNIK, PLLC
1301 Avenue of the Americas, 10th Floor
New York, New York 10119
hunter@napolilaw.com

Patrick Haines
NAPOLI SHKOLNIK, PLLC
360 Lexington Avenue, 11th Floor
New York, New York 10118
phaines@napolilaw.com

Jeffrey L. Rosenberg
JEFFREY L. ROSENBERG &
ASSOCIATES
46 Morgan Drive
Old Westbury, New York 11568
jrosenberg@jlrllc.com
*Attorneys for Plaintiff*

Daniel Gelber
Adam Schachter
GELBER SCHACHTER &
GREENBERG, P.A.
SunTrust International Center
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
dgelber@gsgpa.com

5

CASE NO.: 14-000716-CA-13

aschachter@gsgpa.com
*Attorneys for Alex Krys*

Matthew Menchel
Adriana Riviere-Badell
KOBRE & KIM LLP
201 S. Biscayne Boulevard, Suite 1900
Miami, FL 33131
matthew.menchel@kobrekim.com
adriana.riviere-badell@kobrekim.com
*Attorneys for Daniel and Paula Riordan*

Roberto Martinez
Stephanie Casey
COLSON HICKS EIDSON
225 Alhambra Circle, Suite PH
Coral Gables, FL 33134
bob@colson.com
scasey@colson.com

Lauri Walderman Ross
ROSS & GIRTEN
Two Datran Center, Suite 1701
9130 S. Dadeland Blvd.
9130 S. Dadeland Blvd.
Miami, Florida 33156
rossgirten@laurilaw.com
*Attorneys for Jeffrey Soffer*

By:   /s/ Jeffrey B. Shalek
            Jeffrey B. Shalek

PHILLIPS, CANTOR & SHALEK, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

Filing # 38269314 E-Filed 02/25/2016 12:54:26 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 14-000716-CA-13

DARIA PASTOUHKOVA GOGOLEVA, individually and as the natural parent and legal guardian of the minor children, ALEXANDRA PASTOUHKOVA VALDEZ, NATALIA MAGDALENA PASTOUHKOVA, VALDEZ, and LANCE PASTOUHKOV, VALDEZ, and as the Personal Representative of the ESTATE OF LANCE VALDEZ,

     Plaintiffs,

vs.

JEFFREY SOFFER, DANIEL RIORDAN, PAULA RIORDAN, and ALEX KRYS, NORTH AMERICAN ELITE INSURANCE COMPANY, as Underwriter for SWISS RE, a New Hampshire Corporation, SOUTHWEST TRANSPORT SERVICES, LTD, a Delaware corporation, BEECHAM LTD, a Bahamas corporation, PIONEER CARIBBEAN LOGISTICS LIMITED, a Bahamas corporation, JASON SWEENEY, DAVID PEARCE, FRANK VALDEZ, and PLEASANT HILL ENTERTAINMENT, LTD, a Bahamas corporation,

     Defendants.

_____/

## NOTICE OF CHARGING LIEN OF
## PHILLIPS, CANTOR, SHALEK, RUBIN & PFISTER, P.A.

**EXHIBIT C**

1

CASE NO.: 14-000716-CA-13

**ALL PARTIES TO THIS CAUSE AND ALL OTHERS WHOM IT MAY CONCERN ARE HEREBY CALLED UPON TO TAKE NOTICE THAT:**

Phillips, Cantor, Shalek, Rubin & Pfister, P.A. f/k/a Philips, Cantor, Shalek & Rubin, P.A. ("Phillips, Cantor, Shalek, Rubin & Pfister, P.A.") hereby files its Claim of Attorney's Charging Lien against any property or funds received or receivable by Plaintiffs, DARIA PASTOUHKOVA GOGOLEVA, individually and as the natural parent and legal guardian of the minor children, ALEXANDRA PASTOUHKOVA VALDEZ, NATALIA MAGDALENA PASTOUHKOVA VALDEZ, and LANCE PASTOUHKOV VALDEZ, and as the Personal Representative of the ESTATE OF LANCE VALDEZ ("Plaintiffs/Appellants") in this action, whether by settlement, judgment or otherwise, and in support thereof states as follows:

1.      Phillips, Cantor, Shalek, Rubin & Pfister, P.A. entered into a written engagement agreement with Plaintiffs/Appellants as a prerequisite to performing legal services in this action.

2.      Plaintiffs/Appellants terminated Phillips, Cantor, Shalek, Rubin & Pfister, P.A. and engaged the law firms of Napoli Shkolnik, PLLC and Jeffrey L. Rosenberg & Associates, LLC.

3.      Phillips, Cantor, Shalek, Rubin & Pfister, P.A. has the right to a charging lien against any property or funds received or receivable by

2

CASE NO.: 14-000716-CA-13

Plaintiffs/Appellants in this action, whether by settlement, judgment or otherwise, or which was an issue in the instant action.

4.      Plaintiffs/Appellants presently owe Phillips, Cantor, Shalek, Rubin & Pfister, P.A. the sum of $370,895.00 for the performance of legal services and expenditure of costs in connection with the representation of Plaintiffs/Appellants in the instant action, plus interest, costs and fees for pursuing this charging lien.

5.      A charging lien is entitled and necessary in order to protect such fees and costs until such time as said fees and costs are paid to Phillips, Cantor, Shalek, Rubin & Pfister, P.A., and therefore, Phillips, Cantor, Shalek, Rubin & Pfister, P.A. is entitled to a charging lien against any property or funds received or receivable by Plaintiffs/Appellants in this action, whether by settlement, judgment, or otherwise, or which was an issue in the instant action.

6.      Phillips, Cantor, Shalek, Rubin & Pfister, P.A. hereby gives timely notice of its Claim of Attorney's Charging Lien to all parties.

7.      By filing this Notice of Charging Lien of Phillips, Cantor, Shalek, Rubin & Pfister, P.A. and the service of same upon Plaintiffs/Appellants, Defendants, Defendants' counsel, Napoli Shkolnik, PLLC, Jeffrey L. Rosenberg & Associates, LLC and Phillips, Cantor, Shalek, Rubin & Pfister, P.A. places all of the foregoing entities on notice of its claim of charging lien against any property or funds received or receivable by Plaintiffs in this action, whether by settlement, judgment or otherwise, which was an issue in the instant action.

PHILLIPS, CANTOR, SHALEK, RUBIN & PFISTER, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

CASE NO.: 14-000716-CA-13

**PHILLIPS, CANTOR, SHALEK, RUBIN & PFISTER, P.A.**
Presidential Circle
4000 Hollywood Boulevard, Suite 500N
Hollywood, Florida  333021
Telephone:   (954) 966-1820
Fax:             (954) 414-9309

By:   /s/ Edward J. Pfister
         Gary S. Phillips
         Florida Bar No. 339814
         gphillips@phillipslawyers.com
         Edward J. Pfister
         Fla. Bar No. 906077
         epfister@phillipslawyers.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on this 25th day of February, 2016, **by Email and using the Florida Court E-filing Portal to:**

Roberto Martinez, Esq.
Curtis Miner, Esq.
Stephanie Casey, Esq.
Attorneys for Defendant
Jeffrey Soffer
Colson Hicks Eidson
225 Alhambra Circle, Suite PH
Coral Gables, FL 33134
Tel: 305-476-7400
Fax: 305-476-7444
bob@colson.com
curt@colson.com
scasey@colson.com

Matthew Menchel, Esq.
Kobre & Kim LLP
Attorneys for Defendants
Dan and Paula Riordan
Kobre & Kim, LLP
2 South Biscayne Boulevard, 35th Floor
Miami, FL 33131
Tel: 305 967-6108
Fax: 305 967-6128
matthew.menchel@kobrekim.com
Adriana.Riviere-Badell@kobrekim.com

4

CASE NO.: 14-000716-CA-13

Daniel Gelber, Esq.
Freddy Funes, Esq.
Gelber Schachter, et al
Attorneys for Defndant
Alex Krys
1441 Brickell Avenue, Suite 1420
Miami, FL 33131
Tel: 305-728-0950
Fax: 305-728-0951
dan@gsgpa.com
ggreenberg@gsgpa.com
ffunes@gsgpa.com

Louise R. Caro, Esq.
Napoli Shkolnik, PLLC
Attorneys for Plaintiffs
2665 S. Bayshore Drive, Suite 220
Coconut Grove, Florida  33133
Tel: (786) 837-5442
lcaro@napolilaw.com
jpino@napolilaw.com
louisere@bellsouth.net

Lauri Waldman Ross, Esq.
Ross & Girten
Attorneys for Appellees/Defendants
Jeffrey Soffer
Two Datran Center, Suite 1612
9130 S. Dadeland Blvd.
Miami, Florida 33156
Tel: 305-670-8010
Fax:305-670-2305
rossgirten@laurilaw.com

Benjamin Reid, Esq.
Carlton Fields Jorden Burt
Attorneys for Defendant Swiss Re
Miami Tower, 100 S.E. Second St., Ste. 4200
Miami, Florida  33131-2113
BReid@cfjblaw.com

**and by email (where indicated) and Federal Express, other Overnight Mail Service or Certified Mail to:**

Dasha Pastouhkova Gogoleva Valdez, Individually, and as Personal Representative of the Estate of Lance Valdez, and as the natural parent and legal guardian of Alexandra Pastouhkova Valdez, Natalia Magdalena Valdez, and Lance Pastouhkov Valdez
P.O. Box N7776
Bluesage Place, Lyford Cay
Nassau, Bahamas
dp@pastoukhova.co.uk

Jeffrey L. Rosenberg, Esq.
Jeffrey L. Rosenberg & Assocs., LLC
46 Morgan Drive
Old Westbury, New York 10168
Tel:  (516) 626-1325
Fax:  (516) 626-0355
jrosenberg@jlrllc.com

Jason Sweeney
Oriel Road
Collon, Co Louth, Ireland
js@unicorpservice.com

PHILLIPS, CANTOR, SHALEK, RUBIN & PFISTER, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

CASE NO.: 14-000716-CA-13

Swiss re, Swiss re Corporate Solutions and North American Elite
Insurance Company as a member of Swiss re Corporate Solutions
Swiss Re Corporate Solutions
C/o Benjamin Reid, Esq.
Carlton Fields Jorden Burt
Miami Tower, 100 S.E. Second St., Ste. 4200
Miami, Florida  33131-2113
BReid@cfjblaw.com
        -and-
55 E 52nd St, 41st Floor
New York, NY 10022
        -and-
North American Elite Insurance Company
650 Elm Street
Manchester, New Hampshire 03101-2524

David Pearce
5 Saraband Court Apts
PO Box CB11000
Nassau, New Providence, NP CB1100-00, Bahamas
        -and-
C/o Robert DiStefano, Esq.
DiStefano & Kennedy, LLC.
7471 West Oakland Park Blvd., Suite #106
Ft. Lauderdale, FL 33319
robert@distefanolaw.com

Beecham Ltd.
PO Box 4791
132 Yorkshire Street
Nassau, Bahamas

Southwest Transport Services, Ltd.
4144 Grassmere No. 3
Dallas Texas 75205
        -and-
C/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

6

CASE NO.: 14-000716-CA-13

Pioneer Caribbean Logistics, Ltd.
PO Box 4791
132 Yorkshire Street
Nassau, Bahamas

Pleasant Hill Entertainment, Ltd.
PO Box 4791
132 Yorkshire Street
Nassau, Bahamas

Estate of Lance Valdez

Frank Valdez
2328 Farrington
Dallas Texas 75207


By:   /s/ Edward J. Pfister_____
      Edward J. Pfister

7

```
                                                    COURT RECORDING DATA
4809
------------------------------------------+------------------------------------------
    INTERNAL REVENUE SERVICE              | Lien Recorded    : 09/25/2012 - 00:00AM
FACSIMILE FEDERAL TAX LIEN DOCUMENT       | Recording Number: LFED00016294
                                          | UCC Number       :
                                          | Liber            :
                                          | Page             :
------------------------------------------+------------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #15    | IRS Serial Number: 891428512
Lien Unit Phone: (800) 913-6050           |
------------------------------------------+------------------------------------------
                    This Lien Has Been Filed in Accordance with
                    Internal Revenue Regulation 301.6323(f)-1.
```

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer :
  LANCE VALDEZ

ALS Entity Type: Individual

R█████████████████████████████████████████████

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2001 | XXX-XX-███ | 11/18/2002 | 12/18/2012 | |
| 1040 | 12/31/2001 | XXX-XX-███ | 05/23/2011 | 06/22/2021 | |
| 1040 | 12/31/2001 | XXX-XX-███ | 11/08/2011 | 12/08/2021 | 7948359.32 |
| 1040 | 12/31/2002 | XXX-XX-███ | 11/24/2003 | 12/24/2013 | |
| 1040 | 12/31/2002 | XXX-XX-███ | 05/23/2011 | 06/22/2021 | |
| 1040 | 12/31/2002 | XXX-XX-███ | 11/08/2011 | 12/08/2021 | |
| 1040 | 12/31/2002 | XXX-XX-███ | 04/12/2012 | 05/12/2022 | 6361800.75 |
| 1040 | 12/31/2003 | XXX-XX-███ | 11/15/2004 | 12/15/2014 | |
| 1040 | 12/31/2003 | XXX-XX-███ | 05/23/2011 | 06/22/2021 | 7133933.10 |
| 1040 | 12/31/2004 | XXX-XX-███ | 11/21/2005 | 12/21/2015 | |
| 1040 | 12/31/2004 | XXX-XX-███ | 04/11/2012 | 05/11/2022 | 564620.51 |
| 1040 | 12/31/2006 | XXX-XX-███ | 11/19/2007 | 12/19/2017 | |
| 1040 | 12/31/2006 | XXX-XX-███ | 04/11/2012 | 05/11/2022 | 455230.28 |

```
Filed at:   Suffolk County Clerk
            Suffolk County                          Total  | $  22463943.96
            Riverhead, NY 11901
```

This notice was prepared and executed at INTERNATIONAL, PR
on this, the 30th day of August, 2012.

```
Authorizing Official:          | Title:
  RALPH  FULLER JR             | REVENUE OFFICER          35-02-1814
```

```
                                                    COURT RECORDING DATA
4809                                      +-------------------------------------------------
-----------------------------------------+   Lien Recorded    : 09/17/2015 - 00:00AM
        INTERNAL REVENUE SERVICE          |   Recording Number: 2015095316
  FACSIMILE FEDERAL TAX LIEN DOCUMENT     |   UCC Number       :
                                          |   Liber            :
                                          |   Page             :
-----------------------------------------+----------------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #15    |   IRS Serial Number: 174521215
Lien Unit Phone: (800) 913-6050           |
                                          +----------------------------------------------
               This Lien Has Been Filed in Accordance with
               Internal Revenue Regulation 301.6323(f)-1.
```

Name of Taxpayer :
  ESTATE OF LANCE VALDEZ

ALS Entity Type: Individual

Residence : ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|----------|------------|---------------|--------------|---------------------|--------------------|
| 6707 | 12/31/1997 | XXX-XX-▇▇▇ | 12/15/2014 | 01/14/2025 | 2740761.00 |

Filed at:   OFFICE OF RECORDER OF DEEDS FOR                     Total  $   2740761.00
            WASHINGTON D.C.
            WASHINGTON, DC 20001

This notice was prepared and executed at INTERNATIONAL, PR
on this, the 01st day of September, 2015.

Authorizing Official:                    | Title:
  RACHEL KOENIG                          | REVENUE OFFICER          35-02-1906

```
4809                                              COURT RECORDING DATA
----------------------------------------------+----------------------------------------------
      INTERNAL REVENUE SERVICE                 | Lien Recorded    : 09/19/2012 - 13:42PM
FACSIMILE FEDERAL TAX LIEN DOCUMENT            | Recording Number: 149869
                                               | UCC Number       :
                                               | Liber            :
                                               | Page             :
----------------------------------------------+----------------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #15         | IRS Serial Number: 891428412
Lien Unit Phone: (800) 913-6050                |
----------------------------------------------+----------------------------------------------
                This Lien Has Been Filed in Accordance with
                Internal Revenue Regulation 301.6323(f)-1.

----------------------------------------------------------------------------------------------
Name of Taxpayer :
   LANCE VALDEZ


ALS Entity Type: Individual
----------------------------------------------------------------------------------------------
Residence :
```

With respect to each assessment below, unless notice of lien is refiled by the date in column(e), this notice shall constitute the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2001 | XXX-XX- | 11/18/2002 | 12/18/2012 | |
| 1040 | 12/31/2001 | XXX-XX- | 05/23/2011 | 06/22/2021 | |
| 1040 | 12/31/2001 | XXX-XX- | 11/08/2011 | 12/08/2021 | 7948359.32 |
| 1040 | 12/31/2002 | XXX-XX- | 11/24/2003 | 12/24/2013 | |
| 1040 | 12/31/2002 | XXX-XX- | 05/23/2011 | 06/22/2021 | |
| 1040 | 12/31/2002 | XXX-XX- | 11/08/2011 | 12/08/2021 | |
| 1040 | 12/31/2002 | XXX-XX- | 04/12/2012 | 05/12/2022 | 6361800.75 |
| 1040 | 12/31/2003 | XXX-XX- | 11/15/2004 | 12/15/2014 | |
| 1040 | 12/31/2003 | XXX-XX- | 05/23/2011 | 06/22/2021 | 7133933.10 |
| 1040 | 12/31/2004 | XXX-XX- | 11/21/2005 | 12/21/2015 | |
| 1040 | 12/31/2004 | XXX-XX- | 04/11/2012 | 05/11/2022 | 564620.51 |
| 1040 | 12/31/2006 | XXX-XX- | 11/19/2007 | 12/19/2017 | |
| 1040 | 12/31/2006 | XXX-XX- | 04/11/2012 | 05/11/2022 | 455230.28 |

```
----------------------------------------------------------------------------------------------
Filed at:   Nassau County Clerk
            Nassau County                                Total | $  22463943.96
            Mineola, NY 11501                                  |
----------------------------------------------------------------------------------------------
This notice was prepared and executed at INTERNATIONAL, PR
on this, the 30th day of August, 2012.
----------------------------------------------------------------------------------------------
Authorizing Official:                    | Title:
   RALPH  FULLER JR                       | REVENUE OFFICER            35-02-1814
```

```
4809                                          COURT RECORDING DATA
---------------------------------------+------------------------------------------
       INTERNAL REVENUE SERVICE        | Lien Recorded    : 09/11/2012 - 14:36PM
  FACSIMILE FEDERAL TAX LIEN DOCUMENT  | Recording Number: 20120358707
                                       | UCC Number       :
                                       | Liber            : 25447
                                       | Page             : 377
---------------------------------------+------------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #15 | IRS Serial Number: 891428312
Lien Unit Phone: (800) 913-6050        |
---------------------------------------+------------------------------------------
```

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer :
  LANCE VALDEZ

ALS Entity Type: Individual

Residence :
█████████████████████████████████████████████████████

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2001 | XXX-XX-█ | 11/18/2002 | 12/18/2012 | |
| 1040 | 12/31/2001 | XXX-XX-█ | 05/23/2011 | 06/22/2021 | |
| 1040 | 12/31/2001 | XXX-XX-█ | 11/08/2011 | 12/08/2021 | 7948359.32 |
| 1040 | 12/31/2002 | XXX-XX-█ | 11/24/2003 | 12/24/2013 | |
| 1040 | 12/31/2002 | XXX-XX-█ | 05/23/2011 | 06/22/2021 | |
| 1040 | 12/31/2002 | XXX-XX-█ | 11/08/2011 | 12/08/2021 | |
| 1040 | 12/31/2002 | XXX-XX-█ | 04/12/2012 | 05/12/2022 | 6361800.75 |
| 1040 | 12/31/2003 | XXX-XX-█ | 11/15/2004 | 12/15/2014 | |
| 1040 | 12/31/2003 | XXX-XX-█ | 05/23/2011 | 06/22/2021 | 7133933.10 |
| 1040 | 12/31/2004 | XXX-XX-█ | 11/21/2005 | 12/21/2015 | |
| 1040 | 12/31/2004 | XXX-XX-█ | 04/11/2012 | 05/11/2022 | 564620.51 |
| 1040 | 12/31/2006 | XXX-XX-█ | 11/19/2007 | 12/19/2017 | |
| 1040 | 12/31/2006 | XXX-XX-█ | 04/11/2012 | 05/11/2022 | 455230.28 |

```
------------------------------------------------------------+-----------------------
Filed at:   County Courthouse                               |
            Palm Beach County                  Total        | $   22463943.96
            West Palm Beach, FL 33402                        |
------------------------------------------------------------+-----------------------
This notice was prepared and executed at INTERNATIONAL, PR
on this, the 30th day of August, 2012.
------------------------------------------------------------+-----------------------
Authorizing Official:                          | Title:
   RALPH  FULLER JR                            | REVENUE OFFICER        35-02-1814
```

```
-------------------------------------------------------------------------
Filed at:   OFFICE OF RECORDER OF DEEDS FOR                              |
            WASHINGTON D.C.                       Total   |  $   2740761.00
            WASHINGTON, DC 20001                          |
-------------------------------------------------------------------------
This notice was prepared and executed at INTERNATIONAL, PR
on this, the 01st day of September, 2015.
-------------------------------------------------------------------------
Authorizing Official:                     | Title:
       RACHEL KOENIG                       | REVENUE OFFICER      35-02-1906
                                           |
-------------------------------------------------------------------------
```

```
4809                                               COURT RECORDING DATA
----------------------------------------+----------------------------------------
      INTERNAL REVENUE SERVICE          | Lien Recorded    : 06/13/2012 - 08:38AM
 FACSIMILE FEDERAL TAX LIEN DOCUMENT    | Recording Number: 2012063351
                                        | UCC Number       :
                                        | Liber            :
                                        | Page             :
----------------------------------------+----------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #15  | IRS Serial Number: 871373712
Lien Unit Phone: (800) 913-6050         |
----------------------------------------+----------------------------------------
              This Lien Has Been Filed in Accordance with
              Internal Revenue Regulation 301.6323(f)-1.


Name of Taxpayer :
  LANCE VALDEZ


ALS Entity Type: Individual
-------------------------------------------------------------------------------
Residence :
```

██████████████████████████████████████████████████████

```
With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).
```

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2004 | XXX-XX-██ | 11/21/2005 | 12/21/2015 | |
| 1040 | 12/31/2004 | XXX-XX-██ | 04/11/2012 | 05/11/2022 | 564557.51 |
| 1040 | 12/31/2006 | XXX-XX-██ | 11/19/2007 | 12/19/2017 | |
| 1040 | 12/31/2006 | XXX-XX-██ | 04/11/2012 | 05/11/2022 | 455230.28 |

```
----------------------------------------------------------------------------
Filed at:   OFFICE OF RECORDER OF DEEDS FOR
            WASHINGTON D.C.                          Total  | $   1019787.79
            WASHINGTON, DC 20001                            |
----------------------------------------------------------------------------
This notice was prepared and executed at INTERNATIONAL, PR
on this, the 30th day of May, 2012.
----------------------------------------------------------------------------
Authorizing Official:                | Title:
     RALPH   FULLER JR               | REVENUE OFFICER          35-02-1814
```

```
4809                                                   COURT RECORDING DATA
-----------------------------------------------+-----------------------------------------------
       INTERNAL REVENUE SERVICE                | Lien Recorded     : 06/27/2012 - 12:36PM
  FACSIMILE FEDERAL TAX LIEN DOCUMENT          | Recording Number: 20120121347
                                               | UCC Number        : 20120661985
                                               | Liber             : 15560
                                               | Page              : 344
-----------------------------------------------+-----------------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #15         | IRS Serial Number: 866291612
Lien Unit Phone: (800) 913-6050                |
-----------------------------------------------+-----------------------------------------------
               This Lien Has Been Filed in Accordance with
               Internal Revenue Regulation 301.6323(f)-1.

--------------------------------------------------------------------------------
Name of Taxpayer :
   LANCE VALDEZ


ALS Entity Type: Individual
--------------------------------------------------------------------------------
Residence :
```

████████████████████████████████████████

```
   With respect to each assessment below, unless notice of lien
   is refiled by the date in column(e), this notice shall constitute
   the certificate of release of lien as defined in IRC 6325(a).
```

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2001 | XXX-XX-████ | 11/18/2002 | 12/18/2012 | |
| 1040 | 12/31/2001 | XXX-XX-████ | 05/23/2011 | 06/22/2021 | |
| 1040 | 12/31/2001 | XXX-XX-████ | 11/08/2011 | 12/08/2021 | 7948232.32 |
| 1040 | 12/31/2002 | XXX-XX-████ | 11/24/2003 | 12/24/2013 | |
| 1040 | 12/31/2002 | XXX-XX-████ | 05/23/2011 | 06/22/2021 | |
| 1040 | 12/31/2002 | XXX-XX-████ | 11/08/2011 | 12/08/2021 | |
| 1040 | 12/31/2002 | XXX-XX-████ | 04/12/2012 | 05/12/2022 | 6361800.75 |
| 1040 | 12/31/2003 | XXX-XX-████ | 11/15/2004 | 12/15/2014 | |
| 1040 | 12/31/2003 | XXX-XX-████ | 05/23/2011 | 06/22/2021 | 7133933.10 |

```
--------------------------------------------------------------------------------
Filed at:     COUNTY CLERK
              BEXAR COUNTY                               Total  | $  21443966.17
              SAN ANTONIO, TX 78205                             |
--------------------------------------------------------------------------------
This notice was prepared and executed at INTERNATIONAL, PR
on this, the 07th day of May, 2012.
--------------------------------------------------------------------------------
Authorizing Official:                  | Title:
   RALPH  FULLER JR                     | REVENUE OFFICER             35-02-1814
```

```
4809                                                      COURT RECORDING DATA
-----------------------------------------+-------------------------------------------
      INTERNAL REVENUE SERVICE            | Lien Recorded   : 05/16/2012 - 11:22AM
 FACSIMILE FEDERAL TAX LIEN DOCUMENT      | Recording Number: 2012053380
                                          | UCC Number      :
                                          | Liber           :
                                          | Page            :
-----------------------------------------+-------------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #15    | IRS Serial Number: 866291512
Lien Unit Phone: (800) 913-6050           |
-----------------------------------------+-------------------------------------------
                 This Lien Has Been Filed in Accordance with
                 Internal Revenue Regulation 301.6323(f)-1.

-------------------------------------------------------------------------------------
Name of Taxpayer :
 LANCE VALDEZ


ALS Entity Type: Individual
-------------------------------------------------------------------------------------
Residence :
███████████████████████████████████████████████████████
-------------------------------------------------------------------------------------
 With respect to each assessment below, unless notice of lien
 is refiled by the date in column(e), this notice shall constitute
 the certificate of release of lien as defined in IRC 6325(a).
```

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|----------|------------|---------------|--------------|---------------------|--------------------|
| 1040 | 12/31/2001 | XXX-XX-███ | 11/18/2002 | 12/18/2012 | |
| 1040 | 12/31/2001 | XXX-XX-███ | 05/23/2011 | 06/22/2021 | |
| 1040 | 12/31/2001 | XXX-XX-███ | 11/08/2011 | 12/08/2021 | 7948232.32 |
| 1040 | 12/31/2002 | XXX-XX-███ | 11/24/2003 | 12/24/2013 | |
| 1040 | 12/31/2002 | XXX-XX-███ | 05/23/2011 | 06/22/2021 | |
| 1040 | 12/31/2002 | XXX-XX-███ | 11/08/2011 | 12/08/2021 | |
| 1040 | 12/31/2002 | XXX-XX-███ | 04/12/2012 | 05/12/2022 | 6361800.75 |
| 1040 | 12/31/2003 | XXX-XX-███ | 11/15/2004 | 12/15/2014 | |
| 1040 | 12/31/2003 | XXX-XX-███ | 05/23/2011 | 06/22/2021 | 7133933.10 |

```
-------------------------------------------------------------------------------------
Filed at:   OFFICE OF RECORDER OF DEEDS FOR
            WASHINGTON D.C.                             Total | $  21443966.17
            WASHINGTON, DC 20001                              |
-------------------------------------------------------------------------------------
This notice was prepared and executed at INTERNATIONAL, PR
on this, the 07th day of May, 2012.
-------------------------------------------------------------------------------------
Authorizing Official:                    | Title:
    RALPH  FULLER JR                      | REVENUE OFFICER          35-02-1814
```

████████████████████

---

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 6707 | 12/31/1997 | XXX-XX-███ | 12/15/2014 | 01/14/2025 | 2740761.00 |

---

Filed at:   OFFICE OF RECORDER OF DEEDS FOR
            WASHINGTON D.C.                              Total | $   2740761.00
            WASHINGTON, DC 20001

---

This notice was prepared and executed at INTERNATIONAL, PR
on this, the 01st day of September, 2015.

---

Authorizing Official:                    | Title:
     RACHEL KOENIG                        | REVENUE OFFICER        35-02-1906

---

Exhibit D

| Form 668-A(ICS) (January 2015) | Department of the Treasury – Internal Revenue Service **Notice of Levy** |
|---|---|

DATE: 05/25/2016

REPLY TO:  Internal Revenue Service
RACHEL KOENIG
130 S ELMWOOD AVE
ROOM 200
BUFFALO, NY 14202

TELEPHONE NUMBER
OF IRS OFFICE: (716)961-5113

TO:  KENNY NACHWALTER, P.A.
ATTN MICHAEL A PONZOLI
FOUR SEASONS TOWER, SUITE 1100
1441 BRICKELL AVENUE
MIAMI, FL 33131

NAME AND ADDRESS OF TAXPAYER:
**ESTATE OF LANCE VALDEZ**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

IDENTIFYING NUMBER(S): ▮▮▮▮▮▮▮

VALD

THIS IS NOT A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2001 | $8,723,326.01 | $1,278,674.20 | $10,002,000.21 |
| 1040 | 12/31/2002 | $6,840,253.40 | $1,148,986.30 | $7,989,239.70 |
| 1040 | 12/31/2003 | $7,870,855.41 | $1,378,341.10 | $9,249,196.51 |
| 1040 | 12/31/2004 | $564,620.51 | $156,998.12 | $721,618.63 |
| 1040 | 12/31/2006 | $455,230.28 | $136,665.73 | $591,896.01 |
| CIVPEN | 12/31/1997 | $2,740,824.00 | $138,717.48 | $2,879,541.48 |

| This levy won't attach funds in IRAs, Self-Employed Individuals' Retirement Plans, or any other Retirement Plans in your possession or control, unless it is signed in the block to the right. ================⇒ | | Total Amount Due | $31,433,492.54 |
|---|---|---|---|

We figured the interest and late payment penalty to   **07/06/2016**

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 calendar days from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.

Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

To respond to this levy —
1. Make your check or money order payable to United States Treasury.
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order (not on a detachable stub.).
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative /S/ RACHEL KOENIG *Rachel X Koenig* | Title REVENUE OFFICER |
|---|---|

Part 3 –     Complete and return to IRS         Catalog No. 15704T     www.irs.gov         Form 668-A(ICS) (1-2015)

| Form 668-A(ICS)<br>(April 2020) | Department of the Treasury – Internal Revenue Service<br>**Notice of Levy** |
|---|---|

| Date  **02/23/2021** | Telephone number of IRS office |
|---|---|
| Reply to  **Internal Revenue Service**<br>　　　**RACHEL KOENIG**<br>　　　**1314 GRISWOLD PLAZA**<br>　　　**ROOM 105**<br>　　　**ERIE, PA 16501** | **(814)844-6070** |

To　　**PODHURST ORSECK, PA**
　　　**SUNTRUST INTERNATIONAL CENTER**
　　　**ONE S.E. 3RD AVENUE SUITE 2300**
　　　**MIAMI, FL 33131**

Name and address of taxpayer
**ESTATE OF LANCE VALDEZ**
**JASON SWEENEY EXECUTOR**
██████████████████

Identifying number(s)   ███████

VALD

Special instructions for certain property levied

**This isn't a bill for taxes you owe. This is a notice of levy we are using to collect money owed by the taxpayer named above.**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2004 | $744,985.13 | $140,704.80 | $885,689.93 |
| 1040 | 12/31/2006 | $610,735.48 | $115,349.16 | $726,084.64 |
| CIVPEN | 12/31/1997 | $2,740,824.00 | $807,282.54 | $3,548,106.54 |
| | | | **Total Amount Due** | **$5,159,881.11** |

We figured the interest and late payment penalty to  **03/25/2021**

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property *(such as money, credits, and bank deposits)* that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

**Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 calendar days from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment. This levy does not attach to funds in IRAs, Self-Employed Individuals' Retirement Plans, or any other retirement plans in your possession or control.**

Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

**To respond to this levy —**
1. Make your check or money order payable to **United States Treasury**.
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order *(not on a detachable stub.)*.
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative<br>**/S/ RACHEL KOENIG** *Rachel A Koenig* | Title<br>**REVENUE OFFICER** |
|---|---|

Catalog Number 20435N　　　　www.irs.gov　　　　Form **668-A** (Rev.4-2020)
**Part 3 – Complete and return to IRS**

Exhibit F

| Form **668-A(ICS)** (April 2020) | Department of the Treasury – Internal Revenue Service **Notice of Levy** |
|---|---|

Date  **02/23/2021**

Reply to  **Internal Revenue Service**
**RACHEL KOENIG**
**1314 GRISWOLD PLAZA**
**ROOM 105**
**ERIE, PA 16501**

To  **JEFFREY SOFFER**
**19550 WEST COUNTRY CLUB DR 10TH FL**
**AVENTURA, FL 33180**

Telephone number of IRS office
**(814)844-6070**

Name and address of taxpayer
**ESTATE OF LANCE VALDEZ**
**JASON SWEENEY EXECUTOR**

Identifying number(s)

**VALD**

Special instructions for certain property levied

**This isn't a bill for taxes you owe. This is a notice of levy we are using to collect money owed by the taxpayer named above.**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2004 | $744,985.13 | $140,704.80 | $885,689.93 |
| 1040 | 12/31/2006 | $610,735.48 | $115,349.16 | $726,084.64 |
| CIVPEN | 12/31/1997 | $2,740,824.00 | $807,282.54 | $3,548,106.54 |
| | | | **Total Amount Due** | $5,159,881.11 |

We figured the interest and late payment penalty to **03/25/2021**

The Internal Revenue Code provides that there is a lien for the amount that is owed.  Although we have given the notice and demand required by the Code, the amount owed hasn't been paid.  This levy requires you to turn over to us this person's property and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay this person.  However, don't send us more than the "Total Amount Due."

**Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 calendar days from the day you receive this levy before you send us the money.  Include any interest the person earns during the 21 days.  Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.  This levy does not attach to funds in IRAs, Self-Employed Individuals' Retirement Plans, or any other retirement plans in your possession or control.**

Make a reasonable effort to identify all property and rights to property belonging to this person.  At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form.  Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.  You may not subtract a processing fee from the amount you send us.

**To respond to this levy —**
1. Make your check or money order payable to **United States Treasury.**
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order (not on a detachable stub.).
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative **RACHEL KOENIG** | Title **REVENUE OFFICER** |
|---|---|

Catalog Number 20435N

www.irs.gov
**Part 1 – For Addressee**

Form **668-A** (Rev.4-2020)